IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD G. AUSTIN, :
:
    Petitioner :
: CIVIL NO. 3:CV-10-1796
v. :
: (Judge Caputo)
RICARDO MARTINEZ, WARDEN :
:
    Respondent :

MEMORANDUM

I.    Introduction

*Pro se* Petitioner, Mr. Harold Austin, an inmate at USP-Allenwood in White Deer, Pennsylvania, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. After exhausting his administrative remedies, Mr. Austin filed the instant petition alleging that the Bureau of Prisons (BOP) improperly calculated his sentence following his 2009 re-sentencing by the District of Columbia Superior Court. The petition is ripe for disposition.

Having conducted the requisite review, we find no error in BOP's calculation of Mr. Austin's sentence, which properly sets the commencement of his federal sentence on the date of his release from a previously imposed Maryland state sentence. Therefore, the petition for a writ of habeas corpus will be denied. To the extent that Mr. Austin is challenging decisions made by the sentencing court, the District of Columbia, which resulted in a change of his sentence, those issues should be be addressed by the sentencing court and cannot be raised in this Court via a § 2241 petition.

## II. Background

On March 3, 1980, Mr. Austin was sentenced in the State of Maryland to a term of 40 years for kidnapping, use of a handgun, armed robbery and assault with intent to murder. (Doc. 8-1 at p. 12.)[1]

In June 1980, Mr. Austin, a co-defendant named Samuel Byrd, and a third conspirator, were indicted by a grand jury after they stole an automobile and drove it to a gas station. There, [the conspirators]

> left the car, and attempted to rob at gunpoint William Bell, an employee of the gas station. When Bell resisted, he was forced into the car with the three men. The three robbers drove off, with the gas station owner in pursuit. Bell was thereafter pushed out of the car. As Bell ran away, one of the codefendants, identified as [Samuel Byrd], shot and killed him.

*Austin v. Miner*, 235 F. App'x 48, 49 n.1 (3d Cir. 2007)(citing *Byrd v. United States*, 500 A.2d 1376, 1377 (D.C. 1985), *aff'd in part en banc*, 510 A.2d 1035 (D.C. 1986).

On May 14, 1981, following a jury trial in the Superior Court of the District of Columbia, Mr. Austin was convicted and sentenced on the following counts:

| Count A | First Degree Murder While Armed-Felony Murder (Kidnapping) | 20 years to Life, to run concurrent with Counts B, C, G and H |
|---|---|---|
| Count B | First Degree Murder While Armed-Felony Murder (Armed Robbery) | 20 years to Life, to run concurrent with Counts A, C, G and H |

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

| Count C | First Degree (Premeditated) Murder While Armed | 20 years to Life, to run consecutive to any other sentence now being served |
| --- | --- | --- |
| Count D | Kidnaping While Armed | 5 to 15 years, to run concurrent with Counts A, B, C and E |
| Count E | Armed Robbery | 5 to 15 years, to run concurrent with Counts A, B, C and D |
| Count G | Assault with a Dangerous Weapon-Pistol | 15 to 45 months, to run consecutive to Count C |
| Count H | Assault with a Dangerous Weapon-Pistol | 20 months to 5 years, to run consecutive to Counts C and G |
| Count J | Grand Larceny of a Car | 15 to 45 months to run consecutive to Counts C, G and H. |
| Count K | Unauthorized Use of a Vehicle | 1 to 3 years, to run concurrent with Counts A, B, C, D, E, G H and J |

(*See* Doc. 8-1, Roush Decl. at pp. 4-5; Doc. 8-1 at pp. 14-15). As a result, Mr. Austin's original sentence entailed an aggregated term of 40 years 50 months to Life with a mandatory minimum term of twenty (20) years, and more than 20 years incarceration which was ordered to run consecutive to any sentences he was presently serving (i.e. his State of Maryland sentence). (Doc. 8-1, Roush Decl. at ¶ 6).

On April 6, 1992, Mr. Austin was paroled from the State of Maryland and was returned to the D.C. Department of Corrections on April 29, 1992, to commence

service of the consecutive federal sentence. (*Id.* ¶¶ 7-8).

On July 19, 1993, Mr. Austin was re-sentenced by the District of Columbia Superior Court. As part of this re-sentencing the sentences initially imposed upon him under Counts A, B and K were vacated, and Count J was changed from consecutive to concurrent. The remainder of the counts were unchanged.

| | | |
|---|---|---|
| Count A | First Degree Murder While Armed-Felony Murder (Kidnapping) | vacated |
| Count B | First Degree Murder While Armed-Felony Murder (Armed Robbery) | vacated |
| Count C | First Degree (Premeditated) Murder While Armed | 20 years to Life, to run consecutive to any other sentence now being served |
| Count D | Kidnaping While Armed | 5 to 15 years, to run concurrent with Counts A, B, C and E |
| Count E | Armed Robbery | 5 to 15 years, to run concurrent with Counts A, B, C and D |
| Count G | Assault with a Dangerous Weapon-Pistol | 15 to 45 months, to run consecutive to Count C |
| Count H | Assault with a Dangerous Weapon-Pistol | 20 months to 5 years, to run consecutive to Counts C and G |
| Count J | Grand Larceny of a Car | 15 to 45 months to run *concurrent* to Counts C, G and H. |
| Count K | Unauthorized Use of a Vehicle | vacated |

(*See* Doc. 8-1 at pp. 22-23). The manner in which the sentencing judge sentenced Mr. Austin, yielded a consecutive penalty of an aggregated term of 20 years and 35 months to life with a mandatory minimum term of 20 years. (Doc. 8-2, Roush Decl. at ¶9).

On September 18, 2009, the District of Columbia Superior Court resentenced Mr. Austin a third time. This time various counts were vacated, reinstated, and changed from concurrent to consecutive. Specifically, Count B was reinstated, and Counts C and E were vacated while Count J was switched back to its original form (i.e. it was altered to run consecutive rather than concurrent).

| | | |
|---|---|---|
| Count A | First Degree Murder While Armed-Felony Murder (Kidnapping) | previously vacated |
| Count B | First Degree Murder While Armed-Felony Murder (Armed Robbery) | original sentence reinstated |
| Count C | First Degree (Premeditated) Murder While Armed | vacated |
| Count D | Kidnaping While Armed | 5 to 15 years, to run concurrent to Count B |
| Count E | Armed Robbery | vacated |
| Count G | Assault with a Dangerous Weapon-Pistol | 15 to 45 months to run consecutive to Counts B, H and J |
| Count H | Assault with a Dangerous Weapon-Pistol | 20 months to 5 years, to run consecutive to Counts B, G and J |

| Count J | Grand Larceny of a Car | 15 to 45 months, to run *consecutive* |
|---|---|---|
| Count K | Unauthorized Use of a Vehicle | previously vacated |

(*See* Doc. 8-1 at p. 25). As a result of 2009 re-sentencing, Mr. Austin now faced an aggregate, consecutive term of 20 years 50 months to Life with a mandatory minimum term of 20 years. (Doc. 8-1, Roush Decl. at ¶10).

Upon receipt of the September 18, 2009, resentencing order, the BOP performed a sentence credit calculation of Mr. Austin's latest sentence. With respect to the mandatory, and consecutive sentences imposed by the court, the BOP determined that Mr. Austin is not entitled to any prior custody credit before April 6, 1992, the date he was paroled from his State of Maryland sentence which was imposed on March 3, 1980. (Doc. 8-1, Roush Decl. at ¶13; Doc. 8-1, BOP Program Statement 5880.28, pp. 31-33). Based on Mr. Austin's minimum term of 20 years fifty 50 months, the BOP determined his parole eligibility date is December 14, 2014. (Roush Decl. at ¶14; Doc. 8-1, Sentence Monitoring Computation Data, pp. 27-28). The mandatory minimum term of twenty (20) years is also not eligible for D.C. Institutional Good Time (DCIGT) or D.C. Educational Good Time (DCEGT). (Roush Decl. at ¶15; Doc. 8-1, BOP Program Statement, Ch. 16 at 4-5, ¶ 16.14 and ¶ 16.17a, pp. 36-44).

Dissatisfied with this sentence calculation, Mr. Austin filed this petition for writ of habeas corpus. (Doc. 1). In his habeas corpus petition, he advanced a different sentencing credit computation, arguing that the BOP incorrectly failed to compute

his sentence by not providing him credit against the time served on these consecutive sentences for the time he previously spent in state custody serving various concurrent D.C. sentences that were imposed against him, but later vacated, as well as arguing he started to serve his federal sentence in July 1981 when he was returned to the State of Maryland after receiving his federal sentence. (*See* Docs. 1 and 10).

## III. Standard of Review

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper means for challenging the BOP's computation of jail credit. *See Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990).

## IV. Discussion

### A. The BOP Properly Calculated Mr. Austin's Sentence

The computation of a federal sentence consists of a two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D. Pa. 1996), *aff'd*, 100 F.3d 946 (3d Cir. 1996). Each of these legal determinations, in turn, is made against the backdrop of a specific statutory and regulatory system for calculating credit for time served by federal prisoners. A key component of this system invovles the delegation fo authority for initial sentence computations.

By law, the Attorney General is responsible for computing federal sentences for all offenses committed since 1966, see *United States v. Wilson*, 503 U.S. 329, 331-32, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), and 18 U.S.C. §§ 3568 and 3585. The Attorney General has delegated this authority to the BOP pursuant to 28 C.F.R. § 0.96. *Chambers*, 920 F. Supp. at 621. For crimes committed prior to November 1, 1987, the computation of a federal sentence is governed by 18 U.S.C. § 3568.

Section 3568 of Title 18 provides in relevant part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any *days spent in custody in connection with the offense or acts for which sentence was imposed.*

It further provides:

> If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention. No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568, *repealed by* Sentence Reform Act (SRA) of 1984, Pub. L. No. 98-473, § 212(a)(2), 98 Sta. 1837, 1987 (1984)(emphasis added). Generally speaking, a federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. *Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir. 1976). Accordingly, where the defendant is serving a state sentence at the time his conviction is affirmed, the Attorney General "will not be called upon to [designate the place of confinement] until the state sentence is completed and the

defendant is delivered into federal custody." *United States v. Pungitore*, 910 F.2d 1084, 1119 (3d Cir. 1990)("As under 18 U.S.C. § 3568, for offenses committed prior to November 1, 1987, a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served".)

Likewise, "[t]he rule of presumptive concurrency of sentences, in the absence of a specific directive that sentences be served consecutively, does not apply where one sentence is imposed by a federal court and the other by a state court." *Gomori*, 533 F.2d at 875. It is well established that federal prisoners are not entitled to prior custody time credit towards service of their federal sentence for periods of time spent in state custody unless the time was not credited towards their state sentence. *United States v. Grimes*, 641 F.2d 96, 99 (3d Cir. 1991)(holding to seek credit on federal sentence for time spent in state custody, the prisoner "must first establish that he has not already received credit on his unrelated state sentence for that time period.")

In accordance with 18 U.S.C. 3568, and the case law construing this statute, it is clear that the earliest Mr. Austin's sentence could run is the date that it was imposed, or May 14, 1981. However, at that time, he was already in the custody of the State of Maryland, serving another lengthy sentence. He was paroled on his Maryland sentence on April 6, 1992, and delivered to District of Columbia prison authorities for the purpose of serving his federal sentence on April 28, 1992. As Mr. Austin remained in custody from April 6, 1992 to April 28, 1992, for the exclusive purpose of his federal sentence, the BOP uses April 6, 1992, as the starting point of his federal sentence. In other words, Mr. Austin received credit towards his federal

sentence from April 6, 1992, forward. He was not entitled to receive federal sentence credit for any time spent in custody prior to that date as he was then in service of his State of Maryland sentence. Consequently, he is not entitled to credit towards his federal sentence from May 14, 1981, the date his federal sentence was imposed, as he had hoped. (*See* Doc 10, Traverse at p. 2). The starting date for his federal sentence is April 6, 1992, when he was available to start serving his federal sentence. His multiple federal resentencings on his present sentence do not alter this date.

Accordingly, since the BOP's sentence credit calculation fully comports with the law, and provides Mr. Austin all the credit he is entitled to receive, this aspect of his petition for writ of habeas corpus must be denied.

### B. The BOP did not Increase Mr. Austin's Sentence

Liberally construed, it may also be that Mr. Austin is also challenging the latest underlying sentence calculation imposed by the Superior Court of the District of Columbia, since that sentence declined to expressly run this sentence concurrently to his state sentence, or otherwise credit him in any fashion for time served on his state charges.

To the extent that Mr. Austin is challenging this exercise of sentencing discretion by the District of Columbia Superior Court in its latest sentence pronouncement, his remedy is to challenge the sentence in a 28 U.S.C. § 2255 petition, not in a 28 U.S.C. § 2241 petition as he has not demonstrated that his § 2255 remedy would be "inadequate or ineffective to test the legality of his

detention." See *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000)(recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). That is not the case here.

As for Mr. Austin's contention that the BOP increased his sentence when recalculating it based on the September 18, 2009 Judgment and Commitment order, he is mistaken. A careful review of the sentencing court's actions on that date reveals the sentence change which modified his minimum sentence date, extending it, from its original sentence in 1981. Specifically, on May 14, 1981, Count J, Grand Larceny of a Car, 15 to 45 months, was originally to be served *consecutively* to several other counts (C, G and H). As a result his original sentence was an aggregate term of 40 years 50 months to Life. (*See* Doc. 8-1, Roush Decl. at ¶ 6). In July 1993, when the sentencing court resentenced Mr. Austin, Counts A, B and K were vacated, and J was altered to run concurrent to counts C, G and H. The impact of the 1993 resentencing gave Mr. Austin a new aggregate term of 20 years 35 months to Life. (*See* Doc. 8-2, Roush Decl. at ¶ 9). In its third resentencing, which occurred in 2009, and which is the basis of the BOP's present sentence calculation, the sentencing court gave Mr. Austin the impression that his sentence "certainly can't go up." (Doc. 2 at p. 18). However, as a result of the sentence imposed on September 18, 2009, and the revision of Count J back to its original designation as consecutive rather than remaining concurrent as ordered in 1993, his minimum term did "go up". The BOP has calculated his sentence to be 20 years 50 months to Life. (*See* Roush Decl. at ¶ 14). He has a mandatory minimum of term of

20 years, and a parole eligibility date is December 14, 2014. (*Id*.; Doc. 8-1, Sentence Monitoring Computation Data, pp. 27-28). This calculation is consistent with 18 U.S.C. § 3568, BOP policy and applicable case law. While we can certainly understand Mr. Austin's disappointment with the 2009 resentencing, the calculation of his sentence as computed by the BOP, is sound. If he seeks to challenge the sentencing court's pronouncement of the alteration of Count J from concurrent to consecutive, he must do so via a motion to the sentencing court.

V.   **Conclusion**

For all these reasons, Mr. Austin's arguments that he should receive additional credit towards his federal sentence for the time he spent in custody in the State of Maryland, serving his Maryland sentence, but after his May 14, 1981 federal sentencing, are rejected. *See Grimes*, 641 F.2d at 99. The BOP properly calculated Mr. Austin's sentence as commencing on the date of his parole from the State of Maryland, April 6, 1992. *Pungitore*, 910 F.2d at 1119. To the extent he wishes to challenge the sentencing court's recent pronouncement of his sentence, he must do so by filing a sentence to vacate pursuant to 28 U.S.C. § 2255.

/s/ **A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: August 14, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAROLD G. AUSTIN,<br><br>    Petitioner<br><br>v.<br><br>RICARDO MARTINEZ, WARDEN<br><br>    Respondent | :<br>:<br>:<br>:   CIVIL NO. 3:CV-10-1796<br>:<br>:   (Judge Caputo)<br>:<br>:<br>: |

ORDER

**AND NOW,** this **14th** day of **AUGUST, 2012,** for the reasons set forth in the accompanying memorandum, it is ordered that:

1. The Petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) is denied.

2. The Clerk of Court is directed to close this file.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge